UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                   :
SARAH FREEMAN,                     :
                                   :   Civ. Action No.: 16-2327-BRM-LHG
                    Plaintiff,     :
                                   :
        v.                         :
                                   :          **OPINION**
STEVEN HARRIS, et al.,             :
                                   :
                    Defendants.    :
_____:

**MARTINOTTI, DISTRICT JUDGE**

Before this Court Defendants Steven Harris ("Harris"), Scott Janora ("Janora"), and State of New Jersey Department of the Treasury's (individually, the "Treasury"; collectively with Harris and Janora, "Defendants") Motion to Dismiss (ECF No. 17) *pro se* Plaintiff Sarah Freeman's ("Plaintiff") Complaint (ECF No. 1), pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff opposes the Motion. (ECF No. 19.) Pursuant to Federal Rule of Civil Procedure 78(b), the Court did not hear oral argument. For the reasons set forth herein, Defendants' Motion to Dismiss is **GRANTED**, and Plaintiffs' Complaint (ECF No. 1) is **DISMISSED**.

**I.    BACKGROUND**

For the purposes of this Motion to Dismiss, the Court accepts the factual allegations in the Amended Complaint as true. *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). Plaintiff, who is an employee of the Treasury, asserts a claim pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. ("Title VII"), alleging she was discriminated against and denied promotions because of her race. (ECF No. 1 at 5.) Plaintiff summarizes the allegedly discriminatory conduct as follows:

1

> I passed the Civil Service Exam Ranking #2 and everyone on the list received the promotion except for me. He[1] promoted someone (Judy Felchak) provisional while there was a[n] existing list. When I met with Mr. Harris to ask why I'm not being considered he said he's not interested in promoting me.

(*Id.* at 7.)

No additional details are specifically alleged, but Plaintiff supported her Complaint with documents she submitted to the EEOC, including a May 18, 2015 letter she sent to Karen McDonough, an EEOC enforcement manager, as well as a personnel list of employees eligible for promotion. (ECF No. 3 at 1-2.) Plaintiff was ranked second on the list of eligible employees. (*Id.* at 2.) The list was issued on December 27, 2007, and promulgated on January 3, 2008. (*Id.*) Plaintiff also supported her Complaint with letters from the Treasury dated March 14, 2008, and November 28, 2011, informing her she did not receive a promotion and that another eligible employee had. (*Id.* at 3-4.) On January 3, 2015, Plaintiff filed a charge with the EEOC (the "EEOC Charge") regarding the allegedly discriminatory failure to promote. (ECF No. 1 at 7.) On January 29, 2016, the EEOC issued Plaintiff a Notice of Right to Sue letter. (*Id.*)

On January 26, 2016, the EEOC sent Plaintiff a letter explaining she filed her EEOC complaint "outside the 300-day time limit for the EEOC's jurisdiction." (ECF No. 2 at 1.) Further, the EEOC explained Plaintiff's eligibility for promotion, which she achieved in 2007, had expired by the time she applied for the second promotion 2011. (*Id.*) On April 27, 2016, Plaintiff filed the Complaint. (ECF No. 1.)

---

[1] Plaintiff appears to allege Harris made the promotion in question.

## II. LEGAL STANDARD

### A. MOTION TO DISMISS

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [plaintiff]." *Phillips*, 515 F.3d at 228. "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* This "plausibility standard" requires the complaint allege "more than a sheer possibility that a defendant has acted unlawfully," but it "is not akin to a 'probability requirement.'" *Id.* (citing *Twombly*, 550 U.S. at 556). "Detailed factual allegations" are not required, but "more than 'an unadorned, the defendant-harmed-me accusation" must be pled; it must include "factual enhancements" and not just conclusory statements or a recitation of the elements of a cause of action. *Id.* (citing *Twombly*, 550 U.S. at 555, 557).

"Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DECISION

Defendants seek dismissal on two grounds. First, Defendants argue Plaintiff's claims against Harris and Janora must be dismissed because Title VII does not permit claims against individuals. (Br. in Support of Mot. to Dismiss (ECF No. 17-1) at 3-4.) Second, Defendants argue all of Plaintiff's claims are untimely under Title VII. (*Id.* at 4-5.)

### A. Claims Against Harris and Janora

Title VII provides, in relevant part:

> It shall be an unlawful practice for an employer—
>
> (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . .

42 U.S.C. § 2000e(a). The Third Circuit has held "Congress did not intend to hold individual employees liable under Title VII." *Sheridan v. E.I. DuPont de Nemours & Co.*, 100 F.3d 1061, 1078 (3d Cir. 1996). *See also Nardella v. Phila. Gas Works*, 621 Fed. App'x 105, 106 n.1 (3d Cir. 2015); *Kachmar v. Dungard Data Sys.*, 109 F.3d 173, 183-84 (3d Cir. 1997).

Plaintiff names individuals Harris and Janora as defendants. (ECF No. 1 at 3.) While the Complaint is silent as to any allegations against Janora, Plaintiff alleges Harris told her he was

"not interested in promoting [her]." (*Id.* at 7.) Nevertheless, Harris and Janora are not proper defendants under Title VII. *See Sheridan*, 100 F.3d at 1078.

Therefore, Defendants' Motion to Dismiss the claims against Harris and Janora is **GRANTED**, and the claims against them are **DISMISSED WITH PREJUDICE**.

### B. Timeliness of Plaintiff's Claims

Defendants argue Plaintiff's claims were untimely filed. (ECF No. 17 at 4.) To assert a claim under Title VII, a plaintiff must first file an EEOC charge against a party and then receive a right to sue letter. 42 U.S.C. § 2000e-5(e)(1); *see also Ostapowicz v. Johnson Bronze Co.*, 541 F.2d 394, 398 (3d Cir. 1976) ("The jurisdictional prerequisites to a suit under Title VII are the filing of charges with the EEOC and the receipt of the Commission's statutory notice of the right to sue."). In order for a claim to be timely against a New Jersey state agency, a plaintiff must file an EEOC charge within 300 days of the alleged discrimination. *Cortes v. Univ. of Med. & Dentistry of New Jersey*, 391 F.Supp.2d 398, 309-10 (3d Cir. 2005). "A claim is time barred if it is not filed within these time limits." *Id.* at 310 (citing *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002)).

Plaintiff states she filed her EEOC Charge on January 3, 2015. (ECF No. 1 at 7.) Plaintiff filed with the Court two letters from the Treasury stating she had not been promoted, one dated March 14, 2008, and one dated November 7, 2011. (ECF No. 3 at 4-5.) Any claim related to an incident that occurred before March 9, 2014—300 days before Plaintiff filed her EEOC charge—would have been untimely. The allegedly discriminatory events took place well before that date, and are therefore time-barred.

Even if the Court were to consider the entire duration of the state civil service eligibility lists, such as the one at issue in Plaintiff's claims, Plaintiff's EEOC charge is untimely. The civil

5

service eligibility lists are effective for, at most, four years. (ECF No. 17-1 (citing N.J.A.C. 4A:4-3.3(b) ("An eligible list may, for good cause, be extended . . . except that no list shall have a duration of more than four years.")).) The list at issue was promulgated on January 3, 2008. (ECF No. 3 at 2.) Therefore, Plaintiff could not assert a claim for discrimination based on the eligibility list at issue unless the discrimination occurred before January 3, 2012 and Plaintiff filed the EEOC Charge within three-hundred (300) days, or October 29, 2012. Even under this flexible timeline, Plaintiff filed her EEOC Charge 796 days after the statute of limitations expired.[2]

Therefore, Defendants' Motion to Dismiss Plaintiff's claims is **GRANTED**. Plaintiff's claims are **DISMISSED WITH PREJUDICE.**

### IV. CONCLUSION

For the reasons set forth above, Defendants' Motion to Dismiss (ECF No. 17) is **GRANTED**. Plaintiffs' Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE**. The Clerk shall close the case. An appropriate Order will follow.

**Date: September 21, 2017**  /s/ Brian R. Martinotti
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

---

[2] In her opposition to Defendants' motion, Plaintiff argues her claim is timely based on "the Civil Service Commission Senior Claims Investigator symbol PS346646," an eligibility list she claims did not expired until May 29, 2014. (ECF No. 19 at 3.) However, Plaintiff does not include any allegations regarding this list in her Complaint or in her EEOC Charge, nor does she explain any allegedly discriminatory acts related to this list.